**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Hayword Tony Chambers, Appellant.

Appellate Case No. 2012-213554

―――――――――

Appeal From Cherokee County
Roger L. Couch, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2015-UP-335
Heard November 5, 2014 – Filed July 1, 2015

―――――――――

**AFFIRMED**

―――――――――

Jay T. Thompson, Nelson Mullins Riley & Scarborough,
LLP, and Chief Appellate Defender Robert Michael
Dudek, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Deputy Attorney General David A. Spencer, both of
Columbia; and Ernest Adolphus Finney, III, of Sumter,
all for Respondent.

―――――――――

**PER CURIAM:** Hayword Tony Chambers was indicted for murder. The jury found him guilty of the lesser-included crime of voluntary manslaughter. Chambers appeals, challenging (1) the admission of testimony during the State's rebuttal case that Chambers hit another man in the head with a gun when the man refused to give Chambers drugs in exchange for a car ride, and (2) the trial court's decision to submit the crime of voluntary manslaughter to the jury. We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1.	As to Chambers' argument the trial court erred in admitting the testimony, *see State v. Black*, 400 S.C. 10, 16-17, 732 S.E.2d 880, 884 (2012) ("To warrant reversal [for the admission of evidence], an error must result in prejudice to the appealing party."); *State v. Tapp*, 398 S.C. 376, 389, 728 S.E.2d 468, 475 (2012) ("Whether an error is harmless depends on the circumstances of the particular case. No definite rule of law governs this finding; rather, the materiality and prejudicial character of the error must be determined from its relationship to the entire case. Error is harmless when it could not reasonably have affected the result of the trial." (citations and internal quotation marks omitted)); 398 S.C. at 389-90, 728 S.E.2d at 475 ("Engaging in this harmless error analysis, we . . . question . . . whether beyond a reasonable doubt the trial error did not contribute to the guilty verdict."); *State v. Weston*, 367 S.C. 279, 288, 625 S.E.2d 641, 646 (2006) ("The improper admission of [evidence] is reversible error only when the admission causes prejudice.").

2.	As to Chambers' argument the trial court erred in charging the jury as to voluntary manslaughter, *see State v. Sams*, 410 S.C. 303, 309, 764 S.E.2d 511, 514 (2014) ("Voluntary and involuntary manslaughter are both lesser-included offenses of murder."); 410 S.C. at 308, 764 S.E.2d at 513 ("The law to be charged to the jury is determined by the evidence presented at trial.").

**AFFIRMED.**

**FEW, C.J., and HUFF and LOCKEMY, JJ., concur.**